UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 04-60619-CIV-COHN

ESSEX INSURANCE COMPANY,

    Plaintiff,

v.

MERCEDES ZOTA, MIGUEL ZOTA,
LIGHTHOUSE INTRACOASTAL, INC.,
JACK FARJI, individually, and BROWARD
EXECUTIVE BUILDERS, INC.,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

**THIS CAUSE** is before the Court upon Plaintiff Essex Insurance Company's ("Essex") Renewed Motion for Judgment as a Matter of Law [DE 362] ("Motion"). The Court has considered the motion, Defendants' Responses [DEs 366, 367], Plaintiff's Reply [DE 371], and is otherwise advised in the premises.

### I. BACKGROUND

On April 8, 2009, the Court granted in part Defendants' Motion for Summary Judgment and granted in part Plaintiff's Motion for Summary Judgment ("Summary Judgment Order"). (Summary Judgment Order, DE 238.) The Summary Judgment Order analyzed the application of the Policy's builder, contractor, developer exclusion. (Id. at 18 - 27; Policy, DE 74, p. 34.) The Court found that the terms "builder" and "contractor" as used in the exclusionary endorsement were not ambiguous, however there were disputed issues of fact as to whether Lighthouse was a "builder" and/or "contractor." (Summary

1

Judgment Order, DE 238, p. 30.) The Court subsequently denied the competing Motions for Reconsideration of the Summary Judgment Order and the case proceeded to trial solely on the factual question of whether Lighthouse was a builder and/or contractor.

Before the case was submitted to the jury, Plaintiff moved for judgment as a matter of law under Rule 50 (a) on the two issues framed for trial. Plaintiff asserted that based on the evidence, it was established that Lighthouse was both a contractor and a builder on the 30th Court residence. The Court denied the motion and submitted the case to the jury. The jury found by a preponderance of the evidence that Lighthouse was a builder but was not a contractor on the 30th Court residence. (Special Interrogatories to the Jury, DE 354, p. 1.) Thus, there was no coverage under the Policy for the Zota claim because the exclusion applied. Essex was therefore not required to provide indemnity under the Policy to Lighthouse Intracoastal, Inc. or Jack Farji for the Zota claim. Nor was Essex Insurance Company obligated to defend Lighthouse Intracoastal, Inc. or Jack Farji in the lawsuit brought against them by Mercedes and Miguel Zota. As a result, the Court entered Declaratory Judgment in favor of Plaintiff [DE 345].

Plaintiff now renews its motion for judgment as a matter of law under Rule 50(b) asserting that the evidence "irrefutably established that Lighthouse was the only entity that contracted to erect the 30th Court residence." (Motion, DE 362, p. 2.) Plaintiff argues that Lighthouse entered into every contract with the subcontractors, paid every subcontractor, and all correspondence to the subcontractors were authored by Lighthouse. (Id. at p. 4 - 6.) Plaintiff also avers that the Builders Risk Policy issued to Lighthouse for the property classified Lighthouse as the Residential Contractor and Isidoro Farji further testified that his son qualified Lighthouse Intracoastal to act as the contractor. (Id. at p. 5.) As a result,

Plaintiff maintains that it is entitled to judgment as a matter of law on this issue.[1]

## II. ANALYSIS

"[A]s long as there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party," the Court may grant a motion for a judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) after the jury has returned its verdict. Chaney v. City of Orlando, 483 F.3d 1221, 1227 (11th Cir. 2007). Regardless of whether the district court's analysis is undertaken before or after submitting the case to the jury, "[t]he question before the district court regarding a motion for judgment as a matter of law remains whether the evidence is 'legally sufficient to find for the party on that issue.'" Id. (quoting Fed.R.Civ.P. 50(a)(1)). The Court should "review all of the evidence in the record, and in doing so, must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Johnson v. Clark, 294 Fed. Appx. 502, 503 (11th Cir. September 23, 2008)(internal quotation omitted). Because a Rule 50(b) motion renewed after the jury has returned a verdict "should be decided in the same way it would have been decided prior to the jury's verdict . . . the jury's particular findings are not germane to the legal analysis." Chaney, 483 F.3d at 1228. Consequently,

> [i]f the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such

---

[1] Plaintiff also contends that the Court permitting Defendants to argue the state statutory definition of contractor only had a tendency to confuse and mislead the jury because this definition differed from the jury instructions. (Motion, DE 362, p. 6 - 7.) Although Plaintiff's contention is plausible, it has no bearing on the present analysis of Plaintiff's Motion.

3

quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury.... [I]t is the function of the jury as the traditional finder of the facts, and not the Court, to weigh conflicting evidence and inferences, and determine the credibility of witnesses.

Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186 (11th Cir. 2001) (internal quotation and citation omitted). The Court should not second-guess the jury or substitute its judgment for that of the jury if the jury's verdict is supported by sufficient evidence. Id. As a result, Plaintiff's motion should only be granted if, drawing all reasonable inferences in favor of the Defendants, there was no legally sufficient evidentiary basis for a reasonable jury to find that Lighthouse was not a contractor on the 30th Court site.

The Court instructed the jury that they should consider "whether Lighthouse Intracoastal, Inc. was a contractor on the 30th Court residence." (Jury Instructions, DE 346, p. 7.) The instructions contained the definition of "contractor" as proposed by Essex, that is, one who contracts to erect buildings. (Id.) Plaintiff argues that Lighthouse entered into every contract with the subcontractors, paid every subcontractor, and all correspondence to the subcontractors were authored by Lighthouse. (Motion, DE 362, p. 4 - 6.) As a result, Plaintiff contends that according to the jury instructions, Lighthouse was a contractor. However, Defendants admitted into evidence The City of Lighthouse Point building permit applications, building permits and a truss review documents that specified that Broward Executive was the contractor for the project. (Zota Ex. 2, DE 367-2, p. 1, 11, 13, 15, 16, 17, 19; Lighthouse Exhibit 64, DE 367-2, p. 7; Zota Exhibit 34, DE 367-2, p. 8; Zota Exhibit 9, DE 367-2, p. 10; Lighthouse Exhibit 45, DE 367-2, p. 22.) Defendants also submitted various permit

applications indicating other entities were contractors on the property. For example, some building permit applications specified that Latite Roofing was the contractor and the electrical permit applications indicated that P&K Electric was the contractor. (Zota Ex. 2, DE 367-2, p. 2; Zota Ex. 3, DE 367-2, p. 4, 9, 12, 14, 24, 25) Plaintiff argues that who the City of Lighthouse Point classified as the contractor is irrelevant to determine whether Lighthouse was a contractor pursuant to the definition in the jury instructions. (Reply, DE 371, p. 5.) The Court disagrees, the City's designation of Broward Executive as the contractor is probative of the issue and certainly lends support for the jury's finding. Drawing all reasonable inferences in favor of the Defendants, there was a legally sufficient evidentiary basis for a reasonable jury to find that Lighthouse was not a contractor on the 30th Court site.

## III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff Essex Insurance Company's Renewed Motion for Judgment as a Matter of Law [DE 362] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 7th day of July, 2009.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies to all counsel of record on CM/ECF