UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 04-60619-CIV-COHN

ESSEX INSURANCE COMPANY,

    Plaintiff,

v.

MERCEDES ZOTA, MIGUEL ZOTA,
LIGHTHOUSE INTRACOASTAL, INC.,
JACK FARJI, individually, and BROWARD
EXECUTIVE BUILDERS, INC.,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTIONS FOR NEW TRIAL

**THIS CAUSE** is before the Court upon Defendants Lighthouse Intracoastal, Inc., Jack Farji, and Broward Executive Builders, Inc.'s Motion for New Trial [DE 364] and the Zota Defendants' Motion for New Trial [DE 363] (hereinafter collectively referred to as "Defendants' Motions for New Trial"). The Court has considered Defendants' Motions for New Trial, Essex Insurance Company's ("Essex") Response [DE 368], the Defendants' Replies [DE 372, 373], and is otherwise advised in the premises.

### I. BACKGROUND

On April 8, 2009, the Court granted in part Defendants' Motion for Summary Judgment and granted in part Plaintiff's Motion for Summary Judgment ("Summary Judgment Order"). (Summary Judgment Order, DE 238.) The Summary Judgment Order analyzed the application of the Policy's builder, contractor, developer exclusion. (Id. at 18 - 27; Policy, DE 74, p. 34.) The Court found that the terms "builder" and "contractor" as used

in the exclusionary endorsement were not ambiguous, however there were disputed issues of fact as to whether Lighthouse was a "builder" and/or "contractor." (Summary Judgment Order, DE 238, p. 30.) The Court subsequently denied the competing Motions for Reconsideration of the Summary Judgment Order and the case proceeded to trial solely on the factual question of whether Lighthouse was a builder and/or contractor.

Following a four day jury trial, the jury returned a verdict finding that Lighthouse Intracoastal, Inc. was not a contractor but was a builder. Thus, there was no coverage under the Policy for the Zota claim because the exclusion applied. Essex Insurance Company was therefore not required to provide indemnity under the Policy to Lighthouse Intracoastal, Inc. or Jack Farji for the Zota claim. Nor was Essex Insurance Company obligated to defend Lighthouse Intracoastal, Inc. or Jack Farji in the lawsuit brought against them by Mercedes and Miguel Zota. As a result, the Court entered Declaratory Judgment in favor of Plaintiff [DE 345].

## II. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 59, "[t]he court may, on motion, grant a new trial on all or some of the issues--and to any party . . . (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court. . ." Grounds for moving for a new trial include: "the verdict is against the weight of the evidence, that damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and [the moving party] may raise questions of law arising out of the alleged substantial errors in admission or rejection of evidence or instructions to the jury." Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940). "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that

substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." Gilbert v. Southern Shuttle Services, Inc., 2009 WL 1851126, at *1 (S.D. Fla. June 29, 2009)(quotation omitted). With respect to alleged errors in jury instructions, a new trial should be granted if the jury instructions "did not accurately reflect the law in such a way that . . . [the court is] left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations." Cleveland v. Home Shopping Network, Inc., 369 F.3d 1189, 1196 (11th Cir. 2004).

Defendants take issue with the definition of builder the Court provided in the jury instructions. The Court instructed the jury, in part, as follows:

> In this case the Plaintiff seeks a determination regarding whether certain claims are excluded under the policy of insurance issued by Plaintiff to Defendant Lighthouse Intracoastal, Inc.
> There are two principal issues for you to decide. These issues will be submitted to you for your decision in the form of specific questions, known as Special Interrogatories, which will constitute the form of your verdict.
> The first issue for your consideration is whether Lighthouse Intracoastal, Inc. was a "builder" on the 30th Court residence. A "builder" is defined as one who builds or who is in the business of constructing buildings.

(Jury Instructions, DE 346, p. 7.) Defendants argue that the Court should have "given no definition at all, or, at a minimum, instructed the jury with the Defendants' proposed definition." (Motion for New Trial, DE 364, p. 4.) Additionally, Defendants contend that it was error for the Court not to instruct the jury on how they should interpret exclusionary clauses in insurance contracts. (Id. at p. 5-7.)

The Court previously found that despite the lack of a definition in the Policy, the term builder was unambiguous. (Summary Judgment Order, DE 238, p. 30.) "[T]erms of an insurance policy should be taken and understood in their ordinary sense and the policy should receive a reasonable, practical and sensible interpretation consistent with

the intent of the parties – not a strained, forced or unrealistic construction." Siegle v. Progressive Consumers Ins. Co., 819 So. 2d 732, 736 (Fla. 2002) (quotation omitted). Accordingly, for the jury instructions, the Court adopted a the meaning of the word builder contained in legal and non-legal dictionaries. See Cont'l Cas. Co. v. Wendt, 205 F.3d 1258, 1263 (11th Cir.2000). The Court reviewed the numerous definitions proposed by the parties and consulted independent dictionary sources to determine the best definition to use for builder. The Court's selection of a definition was not one proposed by Defendants, however, this does not mean there was an error such that the jury instructions did not accurately reflect the law. Nor is the Court left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations on this issue. See Cleveland, 369 F.3d at 1196. The Court is unpersuaded that its choice of a definition for the term builder re-wrote the contract as averred by Defendants. (Motion for New Trial, DE 364, p. 4 - 5.)

Defendants argue that the Court should have instructed the jury on rules of insurance contract interpretation and its failure to do so resulted in error necessitating a new trial. (Motion for New Trial, DE 364, p. 5-6.) As noted previously, prior to trial, the Court had already determined that the term builder was unambiguous. In their Replies, Defendants emphasize that even though the Court had determined that the term builder was not ambiguous, the Court should have instructed the jury on the law regarding the interpretation of an exclusionary provision in an insurance contract. (Reply, DE 373, p. 1; Reply, DE 372, p. 2.) Plaintiff argues that such an instruction is not necessary and highlights the Companion Property & Cas. In. Co. case where the Eleventh Circuit Court of Appeals stated that where a contract is unambiguous, it is improper for the

court to give the jury any instruction regarding the manner in which the contract should be construed. Johnson v. Companion Property & Cas. In. Co., 2009 WL 632580, at *3 (11th Cir. March 12, 2009). Defendants are correct in pointing out that this unpublished opinion relied upon Georgia law but they have not provided any Florida case law to the contrary.[1] Including such an instruction would have necessitated a significant broadening of the issues presented at trial. Notably, it would have opened the door for testimony from the underwriter, testimony the Defendants argued strenuously against pre-trial. In light of the narrow issues presented during trial and the legal authority cited above, the Court finds that the jury instructions, "considered as a whole, sufficiently instructed the jury so that the jurors understood the issues and were not mislead." Johnson v. Barnes & Noble Booksellers, Inc., 437 F. 3d 1112, 1115 (11th Cir. 2006) (quotation omitted). Accordingly, the Court declines to grant a new trial based on alleged errors in the jury instructions.

## III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendants' Motion for New Trial [DE 364] and Defendants' Zota Motion for New Trial [DE 363] are **DENIED**.

---

[1] Defendants have provided case law on general insurance contract interpretation of an exclusionary clause but not a case where these rules of contract interpretation were included in jury instructions when the term was found to be unambiguous and the only question before the jury is whether the insured fit a definition within the exclusion.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 7th day of July, 2009.

*/s/ James I. Cohn*
JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies to all counsel of record on CM/ECF